JAMES S. JORDAN *vs.* J. ROAK PULSIFER, and others.

Androscoggin.　Opinion December 17, 1891.

*Pleading. Waiver. Discharge in Insolvency. R. S., c. 70, § 49.*

It is too late for a plaintiff to raise objections to the insufficiency in form of a plea in bar, after issue has been joined and evidence has been put in under the plea.

ON MOTION AND EXCEPTIONS.

The case appears in the opinion.

*George C. and C. E. Wing,* and *N. and J. A. Morrill,* for plaintiff.

*Savage and Oakes, N. W. Harris* with them, for defendants.

EMERY, J. This was an action on a promissory note against three defendants, a principal and two sureties. The principal, in addition to the general issue, filed a brief statement of special

matter in defense, alleging that since the date of said note he had received a discharge in insolvency, also stating the name of the court, the date of his petition, the date of the discharge, and that the discharge barred the plaintiff's claim, but not " setting forth a copy thereof" (R. S., c. 70, § 49).

The plaintiff did not demur to this plea, but went to trial upon it without objection at the time. During the trial the defendant put in evidence, without objection from the plaintiff, the original certificate of the discharge named in the plea.

After the evidence was all in and the arguments to the jury had been made upon both sides, the plaintiff for the first time called the attention of the presiding justice to the omission from the plea of the copy of the certificate of discharge. Thereupon the presiding justice of his own motion, without any request from the defendant, and against the objection of the plaintiff, directed the defendant's counsel to pin to his pleadings the original certificate of discharge, which he did. The presiding justice then instructed the jury that the discharge was in the case and must be given full effect as a bar to the action against the defendant. It was conceded, however, that the discharge, if properly pleaded and in evidence, would be such a bar.

The verdict being for the defendant, the plaintiff excepted to the above direction and ruling of the presiding justice.

The plaintiff's counsel argues that the pinning of the certificate of discharge to the paper upon which the plea was written did not amend or change the plea, that the language of the plea remained the same, that there was still no copy of the discharge set forth or referred to in the plea, as required by the statute, and in fine that the pinning the papers together was inoperative. The answer is, that if the act was inoperative it was harmless.

There was, however, an existing plea of a discharge in insolvency. It was defective in form only. It set forth enough to identify and describe the discharge relied upon, and to be offered in evidence. It notified the plaintiff of the special matter to be offered in defense. He did not demur to the plea. He made no objection to the admission in evidence of the original certificate of the discharge named in the plea. He thereby waived

all objections to the plea, and the evidence under it. The discharge was, therefore, properly in evidence, under a plea of such discharge, and it sustained the plea. The presiding justice only permitted the defendant to have the benefit of the discharge he had pleaded and put in evidence without objection. This ruling we think was right.

The plaintiff also moved to set aside the verdict in favor of the other defendants, the sureties, as being against evidence. We have carefully studied the evidence and the able and forcible brief of the plaintiff's counsel, but it seems to us that there is evidence enough to support the verdict, even if we might ourselves have come to a different conclusion. The coincidences and circumstances relied upon by the plaintiff's counsel do not, we think, wholly beat down the positive evidence for the defendants.

*Motion and exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.